**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| PRAVJOT SINGH, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-26-556-D |
| | ) | |
| MARKWAYNE MULLIN, et al., | ) | |
| | ) | |
| Respondents. | ) | |

## ORDER

Petitioner Pravjot Singh filed a Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 [Doc. No. 1]. Petitioner was placed into removal proceedings on December 18, 2013. On December 19, 2024, the Immigration Judge, among other things, denied his application for asylum and ordered his removal to India. On December 8, 2025, Petitioner was detained pursuant to a warrant issued by the Department of Homeland Security (DHS) and is currently detained pursuant to that warrant at the Cimarron Correctional Facility in Cushing, Oklahoma. Petitioner's appeal was dismissed on April 16, 2026.

In his Petition, Petitioner alleges due process violations and violations of the Immigration and Nationality Act (INA) and ICE regulations. He requests immediate release on an Order of Supervision or the opportunity for a bond hearing or asylum application.

The matter was referred to United States Magistrate Judge Shon T. Erwin for initial proceedings in accordance with 28 U.S.C. § 636(b)(1)(B) and (C) [Doc. No. 4].

1

Respondents filed a Response to Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 [Doc. No. 7].

On May 27, 2026, the magistrate judge issued a Report and Recommendation [Doc. No. 8], recommending that the Court deny the Petition as moot because Petitioner is currently subject to mandatory detention pursuant to 8 U.S.C. § 1231. Petitioner filed a timely objection to the Report [Doc. No. 9], arguing that his detention is governed by 8 U.S.C. § 1226 rather than 8 U.S.C. § 1231 because he appealed the Board of Immigration Appeals' decision to the Fourth Circuit Court of Appeals. Respondents filed a response asserting that Petitioner's appeal to the Fourth Circuit has no bearing on this determination and Petitioner provides no caselaw to the contrary [Doc. No. 10].

Before a removal order is entered, 8 U.S.C. § 1225 and § 1226 govern the detention of aliens. "After the pre-removal period concludes, the statutory authority to detain an alien shifts to 8 U.S.C. § 1231." *Carbajal v. Holder*, 43 F. Supp. 3d 1184, 1188 (D. Colo. 2014). "[W]hen an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days . . . . During the removal period, the Attorney General shall detain the alien." *Id.* at 1189 (quoting 8 U.S.C. § 1231(a)(1)(B)); *see also Zadvydas v. Davis*, 533 U.S. 678, 683 (2001) ("After entry of a final removal order and during the 90-day removal period, however, aliens must be held in custody."). Judge Erwin concluded that Petitioner's removal was administratively finalized the day the appeal was dismissed. Therefore, Petitioner's detention shifted to being governed by 8 U.S.C. § 1231[1]

---

[1] This provision provides that:

and he is subject to mandatory detention. The Court agrees with the magistrate judge that the Petition is moot.

**IT IS THEREFORE ORDERED** that the Report and Recommendation [Doc. No. 8] is **ADOPTED** in its entirety. This action is **DISMISSED AS MOOT**. A separate judgment of dismissal shall be entered.

**IT IS SO ORDERED** this 16th day of July, 2026.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

---

[t]he removal period begins on the latest of the following: (i) [t]he date the order of removal becomes administratively final[,] (ii) [i]f the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order[,] (iii) [i]f the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement. 8 U.S.C. § 1231.